# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:10CR00004-001 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| COLLIN HAWKINS, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Debbie Stevens, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Karen K. Bishop, Wise, Virginia, for Defendant.*

The defendant, Collin Hawkins, was charged in a Superseding Indictment with five counts arising from his alleged misconduct while an inmate at the United States Penitentiary-Lee County ("USP-Lee"). He was accused of willfully assisting in a riot and munity on September 9, 2009, in violation of 18 U.S.C.A. § 1792 (West 2000) (Count One); possessing a weapon on the same date, in violation of 18 U.S.C.A. § 1791(a)(2) (West 2000) (Count Two); forcibly resisting, impeding, and interfering with a prison employee involving physical contact on the same date, in violation of 18 U.S.C.A. § 111(a)(1) (West Supp. 2011) (Count Three); possessing a weapon on February 6, 2009 (Count Four); and contempt of court in connection with his disclosure of discovery material in this case, in violation of 18 U.S.C.A. § 401(3) (West Supp. 2011).

Hawkins pleaded guilty to Count Five and elected a bench trial as to the remaining counts. He was found guilty of Counts One, Three, and Four, and not guilty of Count Two. He has filed a timely Motion for New Trial, based on alleged newly-discovered evidence relating to Counts One and Three. *See* Fed. R. Crim. P. 33(b)(1). The motion has been argued and is ripe for decision.

At trial, Lance Cole, Supervisor of Education at USP-Lee, testified that on the night of September 9, 2009, he had been the designated Institutional Duty Officer and had received a call for assistance in the lighted recreation yard because of a fight between groups of inmates. Once there, he saw defendant Hawkins and another inmate assaulting a third inmate and he intervened, attempting to pull Hawkins away from the fight, and telling him to get down on the ground. Hawkins resisted, and both fell to the ground, with Hawkins on top. As they were struggling, another inmate ran over and struck Hawkins on the head, causing him to stop fighting. Cole was then able to place Hawkins face down on the ground and subdue him.

In the meantime, inmates around Cole were continuing to fight and in an effort to end the disturbance, officers in the surrounding guard towers fired non-lethal rounds. Officers then came into the yard and threw two "flash bang" grenades and the fighting finally stopped.

Cole handcuffed Hawkins, who was still lying face down. Other officers began removing inmates from the recreation yard and during this time Hawkins made a loud "swooping" noise, which was answered in kind by other inmates. (Trial Tr. 25-26.) Hawkins was finally lifted off of the ground by Cole and a metal shank was found underneath where Hawkins' mid-section had been.

Marcus Briggs, a correctional officer, testified for the government that he had also responded to the call for staff assistance in the recreation yard and had observed 20 to 30 inmates fighting each other. He saw Hawkins struggling with Cole and assisted Cole in lifting Hawkins off of the ground and observed the weapon underneath where Hawkins had been.[1]

In his defense Hawkins called two inmates, Terrell Forth and David Norman, and also testified himself. Forth testified that during the incident in question, his prison gang, called the Section One Murder gang, affiliated with the Bloods, had been attacked by another gang. He contended that his gang had not been the aggressors, but had simply tried to defend themselves. He claimed that he had seen Hawkins attacked by "four or five, maybe three to five guys." (*Id.* at 77.) He had observed Cole restraining Hawkins and testified that Hawkins had not

---

[1] Briggs also testified to the facts surrounding Hawkins' separate possession of a weapon on February 6, 2009, as charged in Count Four, but that charge is not involved in the present motion.

resisted. Inmate Norman similarly testified that he had seen other inmates attacking Hawkins as a result of a gang dispute.

Taking the stand on his own behalf, Hawkins testified that he had gone to the recreation yard simply to play basketball, and while walking with his head phones on, he had been attacked by two unknown inmates, one of whom had a knife. He fought to defend himself, and explained that he had not known it was an officer when Cole grabbed him from behind. He said he had not heard Cole tell him to get on the ground because of the noise around them. Hawkins denied that he was part of any prison gang or that he had had knowledge of the fight before it occurred.[2]

Hawkins contends that following the trial and verdict, he discovered other inmate witnesses who would support his innocence. He says that because he had been in isolated housing prior to trial, he had not been able to learn of these witnesses earlier. He has filed copies of declarations from four inmates – DeMarques L. Morris, Marcel Jackson, Nehemiah Leak, and Luiz Edsall.[3] Morris states that he saw "multiple" inmates attack Hawkins and that Hawkins "in no way

---

[2] The government also introduced a video of the full recreation yard taken during the event from a security camera. The video shows the numerous fights and general disorder, but because of the distance from the camera and the resulting difficulty in distinguishing details, it does not assist in definitively resolving the confrontation from either Hawkins' or the government's point of view.

[3] The declarations were filed by Hawkins pro se, although he is represented by appointed counsel. Hawkins also has testified that inmates other than these four have told him that they would also testify in his favor.

initiated what came about that day." (Morris Decl. 1.) Jackson states that he saw three or four inmates attack Hawkins and a correctional officer garb him from behind. Inmates Leak and Edsall report similarly, although Leak says that three inmates were attacking Hawkins and Edsall says that he saw two such inmates.[4]

Hawkins was convicted of assisting in causing a riot at USP-Lee, in violation of 18 U.S.C.A. § 1792. A "riot" under the statute has been defined as "a tumultuous disturbance of the peace by three persons or more, assembling together of their own authority, with an intent mutually to assist each other against any who shall oppose them, in the execution of some unlawful enterprise of a private nature, and afterwards actually executing the same in a violent and turbulent manner." *United States v. Evans*, 542 F.2d 805, 818 (10th Cir. 1976) (internal quotation marks and citation omitted). The use of the word "assists" in the statute allows the conviction of any participant, and not just the instigators. *United States v. Green*, 202 F.3d 869, 872 (6th Cir. 2000); *United States v. Bryant*, 563 F.2d 1227, 1228-29 (5th Cir. 1977); *United States v. Farries*, 459 F.2d 1057, 1063-64 (3d Cir. 1972). *But see United States v. Rodgers*, 419 F.2d 1315, 1317 (10th Cir. 1969).

In considering a motion for a new trial based on newly discovered evidence, I must examine five factors:

---

[4] After learning of the new witnesses, the government attempted to interview Morris and Leak, but they refused to be interviewed. Jackson was interviewed and confirmed much of what he said in his declaration.

> (a) the evidence must be, in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Robinson*, 627 F.3d 941, 948 (4th Cir. 2010).

Even assuming that the evidence submitted by Hawkins was in fact newly discovered with diligence and is material, I find that it is only cumulative and is not of such a nature that it would probably produce an acquittal of the charge of assisting in a mutiny.[5] The declarations by the new witnesses, like his witnesses at trial, deny that Hawkins was a participant in the riot. However, I found Cole to be credible on the crucial details and Hawkins not to be credible, based upon my opportunity to observe the witnesses and judge the consistency of their testimony, both internally and with the balance of the evidence. As the trier of fact in the case, I am "'in a unique position to know whether [new] evidence would have affected the outcome.'" *United States v. Sims*, No. 99-4266, 2000 WL 19198, at *4 (4th Cir. Jan. 12, 2000) (unpublished) (quoting *Virgin Islands v. Lima*, 774 F.2d 1245, 1251 (3d Cir. 1985)).

---

[5] The declarations are not material to the defense of Count Three, charging Hawkins with resisting or interfering with Bureau of Prisons employee Cole. While Hawkins denied that he had resisted Cole or had knowingly refused his order to get on the ground, the declarations do not speak to those issues, although Jackson apparently told government interviewers that he believed that Hawkins did not know that he was being grabbed by an officer.

For these reasons, the Motion for New Trial (ECF No. 190) is DENIED. The clerk will schedule the defendant's sentencing hearing.

ENTER: April 2, 2012

/s/  James P. Jones
United States District Judge